I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL. POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 5/10/11

DEPUTY CLERK



O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

THOMAS DONALD WAITE,

    Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

Case No. CV 10-5374 RNB

ORDER RE DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE

On February 25, 2011, the Court issued a Minute Order herein (a) granting the Motion of plaintiff's counsel to withdraw as attorney of record, and (b) ordering plaintiff to serve and file a motion for judgment on the pleadings within 28 days of the service date of the Minute Order. The Minute Order was served by first class mail on plaintiff on February 28, 2011, at the address of record for plaintiff of which plaintiff's former counsel had apprised the Court in his Motion to Withdraw.

When, as of April 6, 2011, more than 28 days from the service of the February 25, 2011 Minute Order had elapsed, and plaintiff still had not filed his motion for judgment on the pleadings, the Court issued an Order requiring plaintiff, on or before May 6, 2011, to either (a) show good cause in writing, if any existed, why plaintiff did not timely file his motion for judgment on the pleadings, and why this action should not be dismissed for failure to prosecute and failure to comply with the

Court's prior Order; or (b) serve and file his motion for judgment on the pleadings in accordance with the format specified in the February 25, 2011 Minute Order. The April 6, 2011 Order to Show Cause was served by first class mail on plaintiff by the courtroom deputy on April 8, 2011. Another copy was generated by the Central District's electronic filing system and also served by first class mail on plaintiff at his address of record.

Plaintiff's time to respond to the Order to Show Cause has now elapsed, and no response has been filed by plaintiff. Nor has plaintiff filed his motion for judgment on the pleadings. Nor has plaintiff sought an extension of time to either file a response to the Order to Show Cause or file his motion for judgment on the pleadings.

Fed. R. Civ. P. 41(b) provides that an action may be involuntarily dismissed for failure of the plaintiff to prosecute or comply with any order of the Court. Here, plaintiff failed to file either a response to the Order to Show Cause or his motion for judgment on the pleadings, despite being ordered to do one of those things. Further, the Court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute and/or failure to comply with a Court order. See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Fed. R. Civ. P. 41(b). Here, plaintiff's conduct in (a) failing to file his motion for judgment on the pleadings by the original filing deadline or request an extension of time to do so, and (b) failing to respond to the Order to Show Cause or request an extension of time to do so, despite being forewarned of the consequences, evidences a lack of prosecution on his part.

In Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the district court's determination whether dismissal of a pro se plaintiff's action is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases

on their merits, and (5) the availability of less drastic sanctions." Here, the Court finds that the first, second, and fifth <u>Carey</u> factors clearly militate in favor of dismissal. As a result of plaintiff's failure to file his motion for judgment on the pleadings, this action has and will continue to be stalemated. Moreover, given the circumstances and plaintiff's <u>pro per</u> and <u>in forma pauperis</u> status, it does not appear to the Court that there are any less drastic sanctions available for the Court to impose. While the Court finds that the third and fourth <u>Carey</u> factors do not militate in favor of dismissal, the Court has concluded that the other three factors in this instance outweigh the third and fourth factors.

    It therefore is ORDERED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: <u>May 9, 2011</u>

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE